IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG, III,

       Plaintiff,               No. 2:12-cv-1777 EFB P

     vs.

EILYA MOGHADDAM, et al.,

       Defendants.      <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis.

**I.      Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.      Screening Requirement and Standards** .

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility.  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

**III.    Screening Order**

The complaint names Moghaddam, Ma, and Bodenhamer as defendants.  The complaint alleges that in April or May of 2011, defendant Moghaddam was plaintiff's primary care provider and that plaintiff had serious medical needs.  According to the allegations in the complaint, Moghaddam was "more worried about what the Prison Medical and Custody Officials" thought of him, than he was "about the sanctity of [plaintiff's] life, health, and well being."  Dckt. No. 1 at 5.  As for defendant Ma, the complaint alleges that in June of 2011, Dr. Ma refused plaintiff "the right to receive orthascopic surgery" on his left knee.  *Id.* at 6.  Plaintiff claims this amounted to deliberate indifference because his knee caused him pain.  *Id.*  As for defendant Bodenhamer, the complaint alleges that in March of 2012, plaintiff mentioned his various medical needs to Dr. Bodenhamer, who "brushed off" plaintiff and told him to speak with his primary care provider and explained that the purpose of plaintiff's discussion with her was to discuss plaintiff's administrative appeal.  *Id.*  Plaintiff claims Bodenhamer did not verify plaintiff's physical disability, did not examine plaintiff, and sent plaintiff back to his cell after his appeal could not be located.

Having reviewed plaintiff's complaint pursuant to § 1915A, the court finds that it fails to state a cognizable claim for relief and must be dismissed with leave to amend.

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions,

////

1   has violated the Constitution." *Id.*  It is plaintiff's responsibility to allege facts to state a

2   plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949.

3          To state a claim for violation of the Eighth Amendment based on inadequate medical

4   care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate

5   indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,

6   plaintiff must show both that his medical needs were objectively serious, and that defendant

7   possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);

8   *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that

9   significantly affects an individual's daily activities, an injury or condition a reasonable doctor or

10  patient would find worthy of comment or treatment, or the existence of chronic and substantial

11  pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*

12  *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

13         Deliberate indifference may be shown by the denial, delay or intentional interference

14  with medical treatment or by the way in which medical care is provided. *Hutchinson v. United*

15  *States*, 838 F.2d 390, 394 (9th Cir. 1988).  To act with deliberate indifference, a prison official

16  must both be aware of facts from which the inference could be drawn that a substantial risk of

17  serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837

18  (1994).  Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious

19  harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

20          It is important to differentiate common law negligence claims of malpractice from

21  claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual

22  punishment.  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical

23  malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d

24  458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also*

25  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Moreover, it is well established that

26  mere differences of opinion concerning the appropriate treatment cannot be the basis of an

1  Eighth Amendment violation.  *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin*

2  *v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

3        Plaintiff does not allege facts showing that defendants Moghaddam, Ma, and

4  Bodenhamer personally participated in violating plaintiff's constitutional rights.  Plaintiff does

5  not include any specific facts showing how defendant Moghaddam was deliberately indifferent

6  to his medical needs.  Plaintiff's general assertion that defendant Moghaddam was not very

7  worried about plaintiff's health is insufficient.  With respect to defendant Ma, plaintiff fails to

8  demonstrate that by refusing to provide plaintiff knee surgery, he knowingly exposed plaintiff to

9  a substantial risk of serious harm or that he otherwise failed to treat plaintiff's knee condition.

10 As for defendant Bodenhamer, the allegations fail to demonstrate that by referring plaintiff to his

11 primary care provider, and attempting to review an administrative appeal without examining

12 plaintiff, she violated plaintiff's constitutional rights.  There are no constitutional requirements

13 regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th

14 Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his

15 appeals does not violate due process because prisoners lack a separate constitutional entitlement

16 to a specific prison grievance system).  To the extent plaintiff intends to impose liability against

17 any defendant based on the processing of any administrative appeal, he fails to state a claim.

18       In the body of the complaint, plaintiff also includes allegations regarding "Wedell,"

19 "Duc," and "Bobbala."  If plaintiff intends to pursue a claim against any of these individuals, he

20 must identify those individuals as defendants in the caption of any amended complaint.  *See* Fed.

21 R. Civ. P. 10(a).

22       Additionally, plaintiff's allegations appear to improperly join defendants and claims that

23 are unrelated.  Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims

24 when they are against a single defendant.  Federal Rule of Civil Procedure 20(a)(2) allows a

25 plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same

26 "transaction, occurrence, or series of transactions or occurrences" and "any question of law or

1   fact common to all defendants will arise in the action."  Unrelated claims against different

2   defendants must therefore be pursued in separate lawsuits.  *See George v. Smith*, 507 F.3d 605,

3   607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of morass [a multiple

4   claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required

5   filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

6   appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C.

7   § 1915(g)."  *Id.*  Because the complaint appears to allege unrelated claims against different

8   defendants, any amended complaint must correct this defect.

9   **IV.**   **Leave to Amend**

10        Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

11   cognizable legal theory against a proper defendant, as well as sufficient facts in support of that

12   cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

13   (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

14   their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

15   shall clearly set forth the claims and allegations against each defendant.  Any amended

16   complaint must cure the deficiencies identified above and also adhere to the following

17   requirements:

18        Any amended complaint must be complete in itself without reference to any prior

19   pleading.  E.D. Cal. Local Rule 220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once

20   plaintiff files an amended complaint, the original pleading is superseded.  In an amended

21   complaint, plaintiff must include a complete list of all intended defendants.  Plaintiff must also

22   identify as a defendant only persons who personally participated in a substantial way in

23   depriving him of a federal constitutional right.

24   ////

25   ////

26   ////

**V.      Order**

1. Plaintiff's request to proceed in forma pauperis (Dckt. No. 5) is granted.

2. Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order may result in this action being dismissed for failure to state a claim.

Dated:  November 19, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE