IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG, III,

     Plaintiff,                      No. 2:12-cv-1777 EFB P

     vs.

EILYA MOGHADDAM, et al.,

     Defendants.             ORDER

_____/

     Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). Plaintiff commenced this action on July 5, 2012. On November 19, 2012, the court dismissed plaintiff's complaint with leave to amend. On January 2, 2013, the court granted plaintiff's request for an extension of time to amend his complaint.

     Plaintiff now requests that the undersigned "be removed from this lawsuit" and that a new magistrate judge be assigned. He also requests that a district judge be assigned to this action. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). Additionally, recusal is required under § 144 when a party "makes and files

a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ."  Here, plaintiff fails to establish any basis, under either § 144 or § 455, for a determination that the court's impartiality might reasonably be questioned.  As plaintiff articulates no legitimate grounds for recusal, his motion must be denied.  And because plaintiff has already consented to the jurisdiction of the magistrate judge assigned to this case, a district judge cannot be assigned at this time.  *See* Dckt. No. 4.

Plaintiff also seeks an extension of time to comply with the November 19, 2012 Screening Order.  The Screening Order alerted plaintiff to the deficiencies in the original complaint and informed plaintiff that to proceed in this action he must file an amended complaint.  Plaintiff explains that he cannot "correct" the deficiencies in the original complaint unless he "rewrites a whole new amended complaint," and that he will need 60 to 90 days to accomplish that task.  Dckt. No. 14 at 2-3.  Plaintiff has already had over two months to prepare an amended complaint.  He does not indicate what efforts he has made in this regard, if any, since being granted an extension of time in January, and there is no basis for granting an extension of 60 days or more.  Plaintiff is again informed that filing an amended complaint should not require extensive research.  To file an amended complaint in accordance with the court's order, plaintiff need only submit a short and plain statement of his claim showing that he is entitled to relief.  An amended complaint should not include legal citations and should need not contain unnecessarily detailed factual allegations.

Therefore, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for assignment of a new magistrate judge and a district judge (Dckt. No. 14) is denied.

2. Plaintiff's request for an extension of time to file an amended complaint (Dckt. No. 14) is granted, to the extent that plaintiff has 30 days from the date of this order to file an amended complaint.  Absent good cause, no further extensions will be granted.

1       3.  Failure to comply with this order may result in dismissal of this action.

2  DATED: February 4, 2013.

```
                          _____
                          EDMUND F. BRENNAN
                          UNITED STATES MAGISTRATE JUDGE
```