IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD LAWRENCE ISGRIGG, III,

    Plaintiff,                  No. 2:12-cv-1777 EFB P

    vs.

EILYA MOGHADDAM, et al.,

    Defendants.         ORDER

                              /

Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

**I.    Screening Requirement and Standards**.

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Although the complaint must provide a short and plain statement of the claim or claims asserted, the allegations must satisfy the specificity requirements of *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.   Background**

The original complaint named Moghaddam, Ma, and Bodenhamer as defendants. It alleged that in April or May of 2011, defendant Moghaddam was plaintiff's primary care provider and that plaintiff had serious medical needs. It also alleged that Moghaddam was "more worried about what the Prison Medical and Custody Officials" thought of him, than he was "about the sanctity of [plaintiff's] life, health, and well being." Dckt. No. 1 at 5. As for

defendant Ma, the complaint alleged that in June of 2011, Dr. Ma refused plaintiff "the right to receive orthascopic surgery" on his left knee. *Id.* at 6. Plaintiff claimed this amounted to deliberate indifference because his knee caused him pain. *Id.* As for defendant Bodenhamer, the complaint alleged that in March of 2012, plaintiff mentioned his various medical needs to Dr. Bodenhamer, who "brushed off" plaintiff and told him to speak with his primary care provider and explained that the purpose of plaintiff's discussion with her was to discuss plaintiff's administrative appeal. *Id.* Plaintiff claimed that Bodenhamer did not verify plaintiff's physical disability, did not examine plaintiff, and sent plaintiff back to his cell after his appeal could not be located.

The court reviewed plaintiff's complaint pursuant to § 1915A, and dismissed it with leave to amended for failure to state a cognizable claim for relief. The court informed plaintiff of the following standards governing Eighth Amendment claims based on deliberate indifference to medical needs, pursuant to section 1983:

> An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949.
>
> To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

> Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.
>
> It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

Dckt. No. 6 at 3-5. The court also explained why plaintiff's allegations failed under those standards:

> Plaintiff does not allege facts showing that defendants Moghaddam, Ma, and Bodenhamer personally participated in violating plaintiff's constitutional rights. Plaintiff does not include any specific facts showing how defendant Moghaddam was deliberately indifferent to his medical needs. Plaintiff's general assertion that defendant Moghaddam was not very worried about plaintiff's health is insufficient. With respect to defendant Ma, plaintiff fails to demonstrate that by refusing to provide plaintiff knee surgery, he knowingly exposed plaintiff to a substantial risk of serious harm or that he otherwise failed to treat plaintiff's knee condition. As for defendant Bodenhamer, the allegations fail to demonstrate that by referring plaintiff to his primary care provider, and attempting to review an administrative appeal without examining plaintiff, she violated plaintiff's constitutional rights. There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). To the extent plaintiff intends to impose liability against any defendant based on the processing of any administrative appeal, he fails to state a claim.

Dckt. No. 6 at 5. In granting plaintiff leave to amend, the court also warned plaintiff that his complaint appeared to have improperly joined defendants and unrelated claims. The court explained:

4

> Federal Rule of Civil Procedure 18(a) allows a plaintiff to assert multiple claims when they are against a single defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Unrelated claims against different defendants must therefore be pursued in separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees– for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *Id.* Because the complaint appears to allege unrelated claims against different defendants, any amended complaint must correct this defect.

Dckt. No. 6 at 5-6. The court granted plaintiff leave to amend, stating:

> Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant, as well as sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Dckt. No. 6 at 6. On February 25, 2013, plaintiff filed an amended complaint. Dckt. No. 16.

## III. Screening Order

The court has reviewed plaintiff's amended complaint pursuant to § 1915A, and finds that it does not correct the defects identified in the court's initial screening order. The amended complaint fails to state a cognizable claim for relief against defendants Moghaddam, Ma, Bodenhamer, Daye or Virga, and improperly joins unrelated claims against another four defendants – Duc, Dhillon, Bobbala, and Bal. For these reasons, the complaint must be dismissed.

As plaintiff is aware, an individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the

5

defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Plaintiff has not cured the deficiencies in his claims against defendants Moghaddam, Ma, and Bodenhamer. Plaintiff's amended allegations against these defendants consist of the following: that in April 2011, defendant Moghaddam made up excuses and told plaintiff "we are on a tight budget"; that defendant Ma "refused to give [plaintiff] surgical intervention"; and that on September 14, 2011, defendant Bodenhamer talked to plaintiff from behind a desk and computer without physically examining plaintiff. Dckt. No. 16 at 6, 7-8. Despite notice of the relevant legal standards, and of the deficiencies in plaintiff's original allegations under those standards, plaintiff's amended allegations do not materially differ from those in the original complaint. Here, the amended allegations are far too vague and factually insufficient to state a plausible claim for relief.

The amended complaint also adds Daye, and Virga as defendants. Plaintiff alleges that defendant Daye responded to plaintiff's claims of inadequate medical care by directing plaintiff to "work it out" with his primary care provider or peer review committee, and that defendant Virga informed plaintiff that he would check into plaintiff's allegations of inadequate health care, "to no avail." Dckt. No. 16 at 5-6, 8, 11-12. Like the deficient allegations against defendants Moghaddam, Ma, and Bodenhamer, the allegations against defendants Daye and Virga fail to demonstrate that their alleged conduct resulted in a deprivation of plaintiff's constitutional rights.

The amended complaint also includes general allegations regarding allegedly unconstitutional conditions of confinement, but does not link those allegedly unconstitutional conditions to the wrongful conduct of any particular defendant.

Despite notice of the deficiencies in his section 1983 claims, and an opportunity to amend them, plaintiff has not made responsive amendments and is unable to state a cognizable claim. As further leave to amend appears to be futile, plaintiff's claims against defendants Moghaddam, Ma, Bodenhamer, Daye and Virga should be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Plaintiff's remaining allegations – against newly added defendants Duc, Bobbala, Dhillon, and Bal – could not be properly joined to the original claims in this action, because they involve discrete events that do not arise out the same occurrence *and* involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Plaintiff's allegations against defendants Duc, Bobbala, Dhillon, and Bal, consist of the following: that on March 5, 2010, defendant Duc discontinued plaintiff's use of a wheelchair, "DPP Code," shower chair, and stairs restriction; that on April 4, 2010, defendant Bobbala discontinued plaintiff's walker and dismissed his "DPP Code"; that on January 6, 2011, defendant Dhillon discontinued plaintiff's prescription breakfast; and that defendant Bal gave plaintiff a steroid shot that "did [plaintiff] no good." Dckt. No. 16 at 4-8. In dismissing the original complaint with leave to amend pursuant to § 1915A, the court informed plaintiff that – among its other deficiencies – the complaint violated Rule 20 because it improperly joined defendants, and that unrelated claims against different defendants must be pursued in separate lawsuits. Dckt. No. 6 at 5-6 (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) and Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied)). Plaintiff's amended complaint fails to cure this deficiency. Plaintiff's claims against the improperly joined defendants must be dismissed from this action without prejudice to alleging them in one or more separate actions.

////

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim and for improper joinder of parties, and that the Clerk is directed to close this case.

Dated: March 19, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE